IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

JASON HERSH,

    Plaintiff,                                                Case No. 0:19-cv-61187

v.

GLOBAL MANAGEMENT ACQUISITION
FIRM INC.,

    Defendant.
_____/

## COMPLAINT

The Plaintiff, Jason Hersh ("Plaintiff"), hereby sues the Defendant, Global Management Acquisition Firm Inc. ("Defendant" or "Global Management"), and alleges:

### *Parties, Jurisdiction and Venue*

1. Plaintiff is an individual and a resident of Broward County, Florida.

2. Defendant is a Georgia corporation with its principal place of business in Grayson, GA.

3. Defendant uses multiple instrumentalities of interstate commerce, including interstate telephone lines and the internet, and the mails, in a business the principal purpose of which is the collection of debts.

4. This is an action brought pursuant to 47 U.S.C. § 227 and 15 U.S.C. 1692k. Accordingly, this Court has jurisdiction over this action under 28 U.S.C. § 1331 because this is a civil action arising under the laws of the United States.

5. This Court has supplemental jurisdiction over the state law claim in this action under 28 U.S.C. § 1367 because the state law claim is so related to the claims over which this

Court has original jurisdiction that they form part of the same case or controversy under Article III of the U.S. Constitution.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this district.

7. All conditions precedent to bringing this action have occurred, been performed, or have been waived.

### *Factual Allegations*

8. Defendant was engaged to collect an alleged debt (the "Alleged Debt") from Plaintiff that was allegedly incurred for personal and household purposes.

9. In attempting to collect the Alleged Debt, Defendant has made numerous telephone calls to Plaintiff's cell phone using an artificial and prerecorded voice. Plaintiff never gave consent for Defendant to call the Plaintiff using artificial or prerecorded voice or in any other manner.

10. Additionally, the Alleged Debt that Defendant is attempting to collect from Plaintiff is an alleged credit card debt that is more than ten years old. During a phone call with Defendant, Plaintiff told Defendant that the debt was past the statute of limitations. Defendant's representative stated that, "It does not matter if the statute of limitations has passed." Defendant also said that it was going to file a lawsuit against the home of Plaintiff's mother and take the home if Plaintiff did not pay the debt. Defendant's representative also told Plaintiff that Defendant was "going to step on the house."

11. In another call, Defendant's representative claimed that there was a lawsuit pending against Plaintiff, even though no lawsuit has been filed against Plaintiff.

12. In another call, Defendant claimed that Plaintiff's "case was being referred to Broward County," thereby implying that law enforcement would be taking action against Plaintiff.

13. Defendant directed the above-described phone calls to Plaintiff in the Southern District of Florida, and Plaintiff received the calls in the Southern District of Florida.

**COUNT I – VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT**

14. Plaintiff incorporates and realleges paragraphs 1 through 13 as if stated fully herein.

15. Defendant called Plaintiff's cellular telephone using an artificial and prerecorded voice without Plaintiff's prior express consent.

16. The conduct of Defendant constituted multiple violations of 47 U.S.C. § 227(b)(1)(A)(iii).

17. Because Defendant knows that Plaintiff never gave consent for Defendant to contact him, and Defendant knowing called Plaintiff using artificial and prerecorded voice without such consent, Defendant's violations of the TCPA were knowing and willful.

18. As a direct and proximate result of the wrongful conduct of Defendant, Plaintiff has suffered actual damages, including mental anguish, embarrassment, loss of time, and financial harm.

WHEREFORE, the Plaintiff, Jason Hersh, hereby demands judgment against the Defendant, Global Management Acquisition Firm Inc., for actual damages, statutory damages in the amount of $1,500.00 for each violation of the TCPA, court costs, injunctive relief, and any other further relief this Court deems just and proper.

**COUNT II – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**

19. Plaintiff incorporates and realleges paragraphs 1 through 13 as if stated fully herein.

20. The conduct of Defendant constituted violations of 15 U.S.C. § 1692d, 15 U.S.C. § 1692e and 15 U.S.C. § 1692f.

21. As a direct and proximate result of the wrongful conduct of Defendant, Plaintiff has suffered actual damages, including mental anguish, embarrassment, loss of time, and financial harm.

WHEREFORE, the Plaintiff, Jason Hersh, hereby demands judgment against the Defendant, Global Management Acquisition Firm Inc., for actual damages, statutory damages in the amount of $1,000.00, court costs, reasonable attorney's fees, injunctive relief, and any other further relief this Court deems just and proper.

**COUNT III – VIOLATION OF THE
FLORIDA CONSUMER COLLECTION PRACTICES ACT**

22. Plaintiff incorporates and realleges paragraphs 1 through 13 as if stated fully herein.

23. The conduct of Defendant constituted violations of Section 559.72, *Florida Statutes*.

24. As a direct and proximate result of the wrongful conduct of Defendant, Plaintiff has suffered actual damages, including mental anguish, embarrassment, loss of time, and financial harm.

WHEREFORE, the Plaintiff, Jason Hersh, hereby demands judgment against the Defendant, Global Management Acquisition Firm Inc., for actual damages, statutory damages in

the amount of $1,000.00, court costs, injunctive relief, and any other further relief this Court deems just and proper.

### *Demand for Attorney's Fees & Costs*

Pursuant to 15 U.S.C. § 1692k and Section 559.77(2), *Florida Statutes*, Plaintiff Jason Hersh hereby demands an award of the attorney's fees and costs incurred in this matter.

### *Demand for Jury Trial*

Plaintiff Jason Hersh hereby demands a jury trial on all claims asserted in this Complaint and otherwise later asserted in this lawsuit.

DATED: May 9, 2019.                    Respectfully submitted,

*/s/ Joshua A. Mize*
**Joshua A. Mize, Esq.**
Florida Bar No. 86163
**MIZE LAW, PLLC**
110 Front Street, Suite 300
Jupiter, FL 33477
Phone: (407) 913-6800
Fax: (407) 604-7410
Email: jmize@mize.law

*Attorney for the Plaintiff,*
*Jason Hersh*